ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 13, 2012

The Honorable Joe C. Pickett
Chair, House Committee on Defense
    and Veterans' Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0918

Re: Proration of homestead property tax exemption under section 11.131 of the Tax Code for a fully disabled veteran who died during 2011; and application of that exemption to the surviving spouse of a veteran who dies during 2011 (RQ-1005-GA)

Dear Representative Pickett:

You ask two questions about the eligibility of a disabled veteran's surviving spouse for a homestead property tax exemption under section 11.131 of the Tax Code.[1] Subsection 11.131(c) was added[2] by the Eighty-second Legislature and provides that "[t]he surviving spouse of a disabled veteran who qualified for an exemption under Subsection (b)[3] when the disabled veteran died is entitled to an exemption from taxation of the total appraised value of the same property to which the disabled veteran's exemption applied" if the surviving spouse and the residence meet certain other conditions. TEX. TAX CODE ANN. § 11.131(c) (West Supp. 2011) (footnote added). Subsection 11.131(c) became effective on January 1, 2012.[4] You first inquire whether the

> surviving spouse of a disabled veteran who died before January 1, 2012, and who qualified for an exemption under Section 11.131(b),

---

[1]Letter from Honorable Joe C. Pickett, Chair, House Committee on Defense &Veterans' Affairs, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 6, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Subsections 11.131(c) and (d) were added by Senate Bill 516 ("S.B. 516"). *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1222, 2011 Tex. Gen. Laws 3259, 3259–60. S.B. 516 was contingent upon amendment to section 1-b, article VIII of the Texas Constitution proposed in Senate Joint Resolution 14. *See id.* § 5; *see also* TEX. CONST. art. VIII, § 1-b(j)–(k). The constitutional amendment was approved by the voters on November 8, 2011. *See* TEX. SEC'Y OF STATE, ELECTION RESULTS, Historical Election Results (1992–current), *available at* http://elections.sos.state.tx.us/ elchist.exe (last visited Apr. 13, 2012).

[3]Generally, subsection (b) provides to a fully disabled veteran a tax exemption for the total appraised value of the veteran's homestead residence. *See* TEX. TAX CODE ANN. § 11.131(b) (West Supp. 2011); *see also* Act of June 1, 2009, 81st Leg., R.S., ch. 1405, § 1(f), 2009 Tex. Gen. Laws 4389, 4390 (providing that section 11.131(b) applies to a tax year beginning on or after January 1, 2009).

[4]*See supra* note 2.

> Tax Code, at the time of death [qualifies] in 2012 and subsequent tax
> years for the exemption authorized . . . if the spouse otherwise meets
> the requirements for the exemption[.]

Request Letter at 1. You indicate that because subsection 11.131(c) does not take effect until January 1, 2012 and applies to only tax years beginning on or after that date, "it has been argued that a disabled veteran must have died on or after that date [January 1, 2012] for the disabled veteran's surviving spouse to be eligible for the exemption." *Id.* at 2; *see also* S.B. 516, § 4, S.J.R. 14, § 2(b).

We disagree. Subsection 11.42(a) of the Tax Code provides, with certain exceptions not relevant here, that "eligibility for and amount of an exemption authorized by this chapter for any tax year are determined by a claimant's qualifications on January 1." TEX. TAX CODE ANN. § 11.42(a) (West Supp. 2011). Thus, eligibility for a subsection 11.131(c) exemption for the 2012 tax year is determined on January 1, 2012. Under subsection 11.131(c), the claimant is not the disabled veteran, but the surviving spouse. *See id.* § 11.131(c) ("The surviving spouse . . . is entitled . . . ."). So long as the surviving spouse is on January 1, 2012 a surviving spouse that satisfies the other requirements of subsection 11.131(c),[5] the surviving spouse is eligible for the subsection 11.131(c) exemption. The death of the disabled veteran in 2011, prior to the effective date of subsection 11.131(c), does not change that result and is relevant to only the determination as to whether the spouse is a surviving spouse[6] under the Tax Code on January 1, 2012.

In your second question, you ask "[i]f a disabled veteran who qualified for an exemption under Section 11.131(b), Tax Code,[7] in the 2011 tax year dies during that tax year, would the exemption continue in effect for the remainder of that tax year or would the exemption be prorated?" Request Letter at 1 (footnote added). Generally, eligibility for a tax exemption depends on the claimant's qualifications on January 1. *See* TEX. TAX CODE ANN. § 11.42(a) (West Supp. 2011). You cite to newly added sections 11.42(e), 26.10(c), and 26.1125, each of which pertain to the proration of taxes of a subsection 11.131 exemption, as provisions that could be construed to require that a section 11.131(b) exemption for a disabled veteran who dies in 2011 be prorated for that year. *See* Request Letter at 3; *see also* TEX. TAX CODE ANN. §§ 11.42(e), 26.10(c), 26.1125 (West Supp. 2011). The most relevant is subsection 26.10(c) which provides a method for calculating the taxes for a residence homestead exemption under section 11.131 that terminates during a tax year. *See id.* § 26.10(c); *cf.* §§ 11.42(e) (providing for eligibility for exemption of person who qualifies after January 1 of a tax year), 26.1125 (providing method of calculation of taxes on property if a person qualifies for section 11.131 exemption after the beginning of a tax year). Subsection 26.10(c) is

---

[5]In addition to being the surviving spouse of a "disabled veteran who [had] qualified for an exemption under Subsection (b) when the disabled veteran died," the surviving spouse must not have remarried, the property must be the residence homestead at the time of the death of the disabled veteran, and the property must remain the residence homestead of the surviving spouse. *See* TEX. TAX CODE ANN. § 11.131(c)(1)–(2) (West Supp. 2011).

[6]Section 11.131 defines "surviving spouse" to mean the "individual who was married to a disabled veteran at the time of the veteran's death." *Id.* § 11.131(a)(3).

[7]*See supra* note 3.

effective January 1, 2012 and applies only to an ad valorem tax year that begins on or after that date. *See* Act of May 24, 2011, 82d Leg., R.S., ch. 597, §§ 4–5, 2011 Tex. Gen. Laws 1440, 1440 (providing that the Act takes effect on January 1, 2012, and that it applies only to an ad valorem tax year that begins on or after the effective date of this Act). Thus, subsection 26.10(c) would not impact the subsection 11.131(b) exemption of a disabled veteran who was qualified for the exemption in 2011 and who died in 2011.

You refer us to other provisions in the Tax Code that are not specific to a tax exemption under section 11.131 but that might generally require pro rata calculation of taxes. Subsection 26.10(a) of the Tax Code generally provides for the calculation of taxes for a property entitled to an exemption that terminates during a tax year. *See* TEX. TAX CODE ANN. § 26.10(a) (West Supp. 2011). Subsection 26.10(a) provides that "[i]f the appraisal roll shows that a property is eligible for taxation for only part of a year because an exemption, *other than a residence homestead exemption*, applicable on January 1 of that year terminated during the year, the tax due against the property is calculated [according to specified pro rata formula]." *Id.* (emphasis added). By its plain language, subsection 26.10(a) does not apply to a residence homestead exemption. *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Accordingly, subsection 26.10(a) would not impact the subsection 11.131(b) exemption of a disabled veteran who was qualified for the exemption in 2011 and who died in 2011.

Another provision that does pertain to a residence homestead and an exemption for a disabled individual is subsection 26.10(b). Subsection 26.10(b) provides a method of calculating tax due on a property when the individual's exemption terminates during a tax year "and if the owner qualifies a different property for one of those residence homestead exemptions during the same year." TEX. TAX CODE ANN. § 26.10(b) (West Supp. 2011). Subsection 26.10(b) does not require the pro rata calculation of tax unless the individual qualifies a different property as a residence homestead. You do not indicate such is the case here. *See generally* Request Letter at 1–3. Moreover, if a disabled veteran's subsection 11.131(b) exemption terminates due to death of the disabled veteran, one can presume that the disabled veteran will not be qualifying a different property as a residence homestead. Thus, subsection 26.10(b) would not impact the subsection 11.131(b) exemption of a disabled veteran who was qualified for the exemption in 2011 and who died in 2011.

In sum, we conclude that the homestead property of a disabled veteran who qualified for an exemption under subsection 11.131(b) in the 2011 tax year and who died during that tax year would qualify for the exemption under that subsection for the entire 2011 tax year.

## S U M M A R Y

Effective January 1, 2012, subsection 11.131(c) of the Tax Code provides a residence homestead tax exemption to the surviving spouse of a fully disabled veteran who at the time of death qualified for an exemption under subsection 11.131(b) of the Tax Code. The fact that the disabled veteran died in 2011, prior to the effective date of subsection 11.131(c), does not deprive the surviving spouse of the exemption for the 2012 tax year.

The homestead tax exemption in subsection 11.131(b) of the Tax Code for a fully disabled veteran who died in 2011 continues for the remainder of the 2011 tax year.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee